UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| TENNER REX HICKMAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:11-CV-00061 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Tenner Rex Hickman, currently incarcerated in federal prison but facing a twenty-year sentence in Texas state prison upon his release, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. The petition challenges state court convictions for aggravated perjury, bail jumping, and failure to appear on grounds that: (1) "misadvice" from his counsel caused him to enter an involuntary and unintelligent guilty plea; and (2) his counsel's failure to speak up at his sentencing hearing constituted a constructive denial of counsel at a critical stage of the criminal proceeding. Docket Entry No. 2 at 1. The magistrate court has submitted a Memorandum and Recommendation to Grant Respondent's Motion for Summary Judgment, to which Hickman has objected. Docket Entry Nos. 34; 37. Having reviewed the matter *de novo*, the Court agrees with the magistrate court's conclusion that summary judgment should be granted, but reaches that result based in part on different reasoning as discussed below.

## I.     THE MISADVICE CHALLENGE

With respect to the misadvice issue, the Court **ADOPTS** both the magistrate

court's recommendation and its reasoning.  As explained in detail by the magistrate

court, Hickman has failed to meet the two-pronged test for ineffective assistance of

counsel in connection with a guilty plea.  He has shown neither that counsel's

alleged "misadvice fell short of 'an objective standard of reasonableness,'" *Czere*

*v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted), nor "a reasonable

probability that, but for his attorney's errors, he would not have pleaded guilty and

would have insisted upon going to trial," *Nelson v. Hargett*, 989 F.2d 847, 850 (5th

Cir. 1993) (citations omitted).  *See generally Strickland v. Washington*, 466 U.S.

668 (1984) (establishing two-pronged test for ineffective assistance of counsel).

Under Hickman's plea bargain, the prosecution stipulated that, in exchange

for Hickman's guilty plea and waiver of certain rights, it would abandon six of the

seven enhancement paragraphs in each of the three charges.  As the trial court in

Hickman's state habeas petition noted, this had the effect of "remov[ing] the

habitual criminal charge, with its punishment range of life or 99 years and not less

than 25 years in the TDCJ, and replac[ing] it with a punishment range of not more

than 20 years nor less than 2 years."  Docket Entry No. 21-4 at 14.  Though the

plea bargain included a punishment recommendation of twenty years at the high

end of that reduced range, *see id.* at 35–54, Hickman's counsel's advice was still reasonable given the much harsher potential punishment that it avoided.

Moreover, as the magistrate court explains in detail, the indication by Hickman's counsel that the 40-year aggregate state sentence[1] would expire prior to Hickman's 2021 release date for his existing federal sentence does not change the reasonableness of counsel's advice to take the deal.  First, the possibility of release on parole before the completion of the federal term remains.  Thus, counsel's "promise" may still come true.  Second, regardless whether Hickman actually makes parole, counsel's advice was reasonable given the much harsher sentence that could have resulted from a jury trial.  And finally, it is well settled Fifth Circuit precedent that an inaccurate prediction by counsel regarding parole release does not constitute ineffective assistance of counsel.  *See Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002) (collecting cases), *overruled on other grounds by Glover v. United States*, 531 U.S. 198 (2001).  The Court rejects Hickman's objection that *Daniel* is distinguishable because counsel's "misadvice" was a guarantee or promise rather than a mere inaccurate prediction.  *See* Docket Entry No. 37 at 8.  While Hickman's habeas petition alleges that his counsel provided him incorrect advice, it nowhere alleges that his counsel guaranteed or promised

---

[1] This includes the perjury, bail jumping, and failure to appear sentences, as well as the underlying burglary sentence.  Each sentence was for twenty years, with the first three running concurrent to each other, but consecutive to the burglary sentence.

him that he would be released at any given point, much less provide any corroborating evidence to establish that a guarantee was made.  *See Daniel*, 283 F.3d at 703 ("The defendant must generally establish that an actual promise or guarantee was made by showing: (1) the exact terms of the alleged guarantee; (2) exactly when, where and by whom the guarantee was made; and (3) the identity of any eyewitnesses to the guarantee." (citing *DeVille v. Whitley*, 21 F.3d 654, 658 (5th Cir. 1994)).  As such, Hickman has failed to establish ineffective assistance of counsel, as a matter of law.

## II.    THE FAILURE TO SPEAK CHALLENGE[2]

The Court also **ADOPTS** the magistrate court's recommendation that summary judgment be granted as to Hickman's second challenge, though for a different reason.  Hickman argues that he was effectively denied counsel at the sentencing hearing because his counsel failed to advocate for a lower sentence or

---

[2] Under current Fifth Circuit precedent, Hickman procedurally defaulted on this challenge by failing to raise it on direct appeal in state court.  *See Ibarra v. Thaler*, 687 F.3d 222, 225 (5th Cir. 2012) ("A habeas petition must demonstrate cause—objectively external to his defense—and prejudice to overcome a regularly applied state procedural default, which ordinarily bars federal habeas review of a defaulted issue." (citing *Coleman v. Thompson*, 501 U.S. 722, 746–47 (1991)).  The Fifth Circuit has ruled that the Supreme Court's recent holding in *Martinez v. Ryan*—that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," *Martinez*, 132 S. Ct. 1309, 1315 (2012)—does not apply to Texas cases involving postconviction ineffective assistance of counsel.  *Ibarra*, 687 F.3d at 227.  The Fifth Circuit reasoned that Texas, unlike Arizona, to which *Martinez* applies, does not bar initial review of ineffectiveness claims outside of collateral proceedings.  *Id.*  Nonetheless, given that the Supreme Court has granted *certiorari* on the precise issue of *Martinez*'s application to Texas cases, *see Trevino v. Thaler*, 133 S. Ct. 524, 525 (2012), the Court avoids ruling on the thorny procedural issue and addresses Hickman's challenge on the merits.

subject the State's recommendation of a maximum sentence to any meaningful adversarial testing.  Docket Entry No. 2 at 14.  Indeed, the crimes for which Hickman was convicted each had a sentencing range of two to twenty years, and Hickman's counsel did not advocate a lower-end sentence at the sentencing hearing or object when the judge issued a twenty-year sentence.  *See* Docket Entry No. 21-4 at 22–23.

The magistrate court recommended that Hickman's challenge be denied primarily because (1) defense counsel had no clear opportunity to advocate for a lower sentence; and (2) counsel's silence did not constitute a "complete failure" to contest the prosecution, so there was no constructive denial of counsel.[3]  Docket Entry No. 34 at 16–19.

But the Court rejects Hickman's challenge for a more basic reason: counsel's silence was justified, and in fact required, because Hickman agreed to the punishment recommendation of concurrent twenty-year sentences as part of his plea bargain.  *See* Docket Entry No. 21-4 at 35–54.  Each recommendation states that it is "the result of negotiations between the parties."  *Id.* at 35, 44, 53.  Each

---

[3] Hickman argues that his counsel's silence was per se prejudicial.  Unlike the usual ineffective assistance of counsel challenge, which employs the two-pronged *Strickland* test requiring a showing prejudice, certain circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  *United States v. Cronic*, 466 U.S. 648, 658 (1984).  The Supreme Court has identified three such circumstances in which prejudice is presumed: (1) the "complete denial of counsel"; (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) "where counsel is called upon to render assistance under circumstances where competent counsel very likely could not."  *Bell v. Cone*, 535 U.S. 685, 695–96 (2002) (citations and quotations omitted).

also includes Hickman's signature, with language above it that: "It is agreed by the Defendant, the Attorney for the Defendant, and the Attorney for the State that the punishment recommendation outlined above may be considered by the Court when assessing punishment in this cause." *Id.* at 36, 45, 54.  This explains why the judge did not provide Hickman's counsel (or the prosecution) an obvious opportunity to advocate different sentences and why Hickman's counsel did not object to the twenty-year sentence when announced by the judge.

Hickman's plea is the standard type in Texas state court in which the prosecution and defense agree on a recommended sentence.  Any argument by Hickman's counsel at the hearing seeking a sentence below twenty years would have violated the plea agreement and risked the life sentence Hickman faced absent that agreement.  Under these facts, Hickman cannot show that his counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," *United States v. Cronic*, 466 U.S. 648, 659 (1984), or that counsel's conduct at sentencing prejudiced him in any way.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's summary judgment motion (Docket Entry No. 27).   This action is **DISMISSED WITH PREJUDICE**.   A certificate of appealability is **DENIED**.

**SIGNED** this 18th day of March, 2013.

_____
Gregg Costa
United States District Judge